UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARCO NATIONAL INSURANCE
COMPANY,

       Plaintiff,

v.                                                              CASE NO. 8:10-CV-27-T-17TGW

ZURICH AMERICAN INSURANCE
COMPANY,

       Defendant.

_____/

FIRST LEASE, INC.

       Plaintiff,

vs.                                                             CASE NO. 8:10-CV-138-T-17TGW

ZURICH AMERICAN INSURANCE
COMPANY,

       Defendant.

_____/


ORDER

This cause is before the Court on:


Dkt. 18 Motion for Summary Judgment
Dkt. 21 Response
Dkt. 23 Cross-Motion for Summary Judgment
Dkt. 27 Response to Cross-Motion

Plaintiffs Harco National Insurance Company ("Harco") and First Lease, Inc.

Case No. 8:10-CV-27-T-17GW
Case No. 8:10-CV-138-T-17TGW

("FirstLease") seek entry of judgment against Defendant Zurich American Insurance
Company ("Zurich"), and a finding that Zurich must provide indemnity to Harco and First
Lease as a matter of law.  Harco and FirstLease seek a declaratory judgment of their
rights against Zurich in connection with Harco's payment to settle the underlying
lawsuit, Case No. 06-CA-006710, Howard Bryant, Jr. v. FirstLease, Inc., and damages
for indemnity for all monies expended in the defense of the lawsuit.

      Zurich has moved for summary judgment on undisputed evidence as follows: 1)
the vehicle in question was rented to Howard Bryant in his individual capacity, and not
as an agent of Southeast Independent Delivery Services, Inc.; 2) Howard Bryant was
contractually required to maintain bodily injury liability insurance naming FirstLease as
an additional insured, but this requirement was limited to coverage protecting
FirstLease from liability to third persons, not from liability to Howard Bryant, the renter
himself.

      The parties have filed cross-motions for summary judgment, agreeing that there
are no material facts in dispute, but disagreeing as to the inferences which may be
drawn from the undisputed facts, or as to the correct application of the law to the facts.

I. Standard of Review

      Summary judgment should be rendered if the pleadings, the discovery and
disclosure materials on file, and any affidavits show that there is no genuine issue as to
any material fact and that the movant is entitled to judgment as a matter of law.
Fed.R.Civ.P. 56(c).

Case No. 8:10-CV-27-T-17GW
Case No. 8:10-CV-138-T-17TGW

> The plain language of Rule 56(c) mandates the entry of
> summary judgment after adequate time for discovery and
> upon motion, against a party who fails to make a showing
> sufficient to establish the existence of an element essential
> to that party's case, and on which that party will bear the
> burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are material and which facts are...irrelevant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant.  See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  See Anderson, 477 U.S. at 248. But, "[i]f the evidence is merely colorable...or is not significantly probative...summary judgment may be granted."  Id. at 249-50.

In a declaratory judgment action, "if the allegations in the complaint alleging a claim against the insured either are acts not covered by the policy or are excluded from the policy's coverage, the insurer is not obligated to defend or indemnify the insured." IDC Constr., LLC v. Admiral Ins. Co., 339 F.Supp.2d 1342, 1347 (S.D.Fla.2004) (citations omitted). A court should grant summary judgment "in a declaratory judgment action seeking a declaration of coverage, when the insurer's duty, if any, rests solely on the applicability of the insurance policy, the construction and effect of which is a matter of law." Id. (citations omitted).

Case No. 8:10-CV-27-T-17GW
Case No. 8:10-CV-138-T-17TGW

II. Statement of Undisputed Facts

    1.   Zurich American Insurance Company issued automobile liability insurance policy TRK  2938900-03 to Southeast Independent Delivery Services, Inc. ("SEIDS"), effective 3/31/2006 through 3/31/2007 (Dkt. 18-2, p. 17).  SEIDS is the "Named Insured."   Policy TRK 2938900-03 includes numerous endorsements. (Dkt. 18-2, p. 20).

    2.  Southeast Independent Delivery Services, Inc. provides delivery services to a retail furniture chain.  To provide the delivery services, SEIDS hires independent contractors to perform the delivery services.

    3.  Howard Bryant and SEIDS ( f/k/a "Independent Delivery") executed the Equipment Lease and Independent Truckman's Agreement ("ITA") on January 15, 2006. (Dkt. 21-7).  Under the terms of the ITA, SEIDS hired Howard Bryant as an independent contractor.

    4.  If equipment is operating in interstate commerce, 49 C.F.R. 376.11(a) requires D.O.T.-authorized Motor Carriers to execute a written lease with the owner-operators of equipment operating under their ICC Certificate.  The ITA was also an equipment lease of the equipment from the independent contractor (lessor) to SEIDS (lessee).

    5.  Steve Johnson, CFO of SEIDS, testified that once the independent contractor has passed the background check and interview, and SEIDS has learned the independent contractor wants to have a piece of equipment through FirstLease, SEIDS assists independent contractors by contacting FirstLease to provide a name, date and type of equipment the delivery contractor will be picking up. (Johnson Deposition, Dkt.

4

Case No. 8:10-CV-27-T-17GW
Case No. 8:10-CV-138-T-17TGW

18-2, Exh. F, p. 14, I. 19-25.  SEIDS contacted FirstLease as to Howard Bryant.


6.  The independent contractors who perform delivery services for SEIDS must
have a delivery truck.  An independent contractor may use his own vehicle in
performing delivery services for SEIDS.  In the alternative, SEIDS will assist the
independent contractor to lease a vehicle. (Dkt. 21-9, Marple Affidavit )


7.  Independent contractors for SEIDS have used leasing companies other than
Firstlease to lease a vehicle.  (Johnson Deposition, Dkt. 18-2, Exh. F, p. 14, I. 9-12).


8.  On 5/2/2006, Howard Bryant executed Rental Agreement, and picked up a
2006 International Van, Unit No. 376008, from FirstLease.  In his deposition in the
underlying case, Howard Bryant testified that he signed the Rental Agreement on behalf
of H. Bryant Delivery, Inc. and not on behalf of SEIDS. (Dkt. 21-11, Exh. K, p. 5, I. 6-
12).


9.  The Rental Agreement (Dkt. 21-7) provides:

> 5.  RENTER agrees to maintain in full force at its expense
> an automobile bodily injury and property damage liability
> insurance policy, and furnish OWNER satisfactory evidence
> with OWNER as an additional named insured and Loss
> Payee.  Such insurance shall be written by an insurance
> company properly licensed and authorized to transact
> business, protecting OWNER and RENTER, and their
> respective agents, servants, or employees from any and all
> liabilities for injuries to the property and person, including
> death, of Third Persons, resulting from the ownership, use,
> operation, or maintenance of the Vehicle.  Such insurance
> shall have limits of at least $1,000,000 Combined Single
> Limit.  Such insurance shall be primary with respect to the
> OWNER and any insurance carried by OWNER shall not
> inure to the benefit of RENTER or RENTER's agents,

5

Case No. 8:10-CV-27-T-17GW
Case No. 8:10-CV-138-T-17TGW

servants or employees.  RENTER agrees to indemnify and
hold OWNER, its agents, servants, or employees harmless
from any and all claims for injury to all Third Persons or
damage to property of Third Persons and to any and all
expenses incurred in the defense of such claims.  Renter
agrees to provide OWNER a certificate of required
insurance and that such certificate name OWNER as
additional insured and provide at least ten days written
notification to OWNER in the event of cancellation of such
insurance.

10.  The Rental Agreement (Dkt. 21-7) indicates the customer is:

001 10001425 000
SEIDS - Howard Bryant
11540 Highway 92 East
Seffner, Florida 33584

11.      Howard Bryant furnished a Certificate of Insurance to FirstLease.  (Dkt.
1-2).    The Certificate states "Insured includes Howard Bryant."   The Certificate Holder
is FirstLease.  The Certificate further states:   "Certificate holder is an Additional
Insured/Loss Payee to the following vehicle: 2007 International Unit  #377002 vin #
1HTMAAL77H368405". (Dkt. 1-2, pp. 10-12).    The Certificate is dated 3/28/2006.

12.  The equipment rented from FirstLease pursuant to the Rental Agreement
signed by Howard Bryant was operated wholly intrastate.

13.  FirstLease submitted individual invoices to SEIDS for rental charges
incurred by each of the independent contractors leasing vehicles from FirstLease. (Exh.
E, Dkt. 21-5, p. 17).

14.  SEIDS deducted the rental charges from each contractor's settlement
checks, making payments to FirstLease on behalf of the individual contractors.  (Exh. F,

6

Case No. 8:10-CV-27-T-17GW
Case No. 8:10-CV-138-T-17TGW

Dkt. 21-6, p. 25, 27, 29; Exh. E, Dkt. 21-5, p. 12, Exh. I, Dkt. 21-20.)

15. All rental charges and charges for liability insurance remained the obligation of the driver/independent contractors.  (Exh. I, Dkt. 21-10; Exh. E, Dkt. 21-5).

16. Kimberly Dunn, leasing agent of FirstLease, Inc., testified in her deposition that Howard Bryant signed the Rental Agreement as a representative of SEIDS.

17. George Morrell, Vice President, FirstLease, testified that FirstLease does not rent trucks to private individuals.  (Morrell Affidavit, Dkt. 18-2, pp. 7-9).

18. Steve Johnson, CFO of SEIDS, testified in his deposition that SEIDS had an 11-year business relationship with FirstLease:

> Q.  When did SEIDS first start doing business with FirstLease?
>
> A.  I don't know the answer to that.  When I joined the company roughly we'll say 11 years ago, because in July will be 11 years, there was already a relationship between Independent Delivery Service, Southeast Independent Delivery and First Lease.

(Dkt. 18-2, Exh. F, p. 10, l. 13-23).

19. There was no written master lease agreement between SEIDS and Firstlease.

20. On 5/13/2006, Howard Bryant was injured in an accident in connection with the vehicle leased from FirstLease.

Case No. 8:10-CV-27-T-17GW
Case No. 8:10-CV-138-T-17TGW

21. Howard Bryant filed suit for negligence against FirstLease in Hillsborough County Circuit Court. His claim was based on negligent maintenance of the truck he leased from FirstLease. (Dkt. 18-1, p. 1).

22. On 9/30/2006, FirstLease and Harco demanded that Zurich provide a defense and indemnity.

23. On 4/20/2007, Zurich declined to provide a defense and indemnity.

24. Harco defended FirstLease and settled the case with Howard Bryant. Harco and FirstLease now seek the settlement amount and the costs of legal defense as damages.

25. On 10/6/2008, FirstLease filed a Third Party Claim in the underlying case against SEIDS for contractual indemnity under the terms of Rental Agreement with Howard Bryant. (Dkt. 21-1). In the Third Party Complaint, FirstLease alleged that FirstLease rented a truck to S.E. Independent Delivery Services, Inc. (par. 8), and Howard Bryant was authorized to sign the Rental Agreement for the truck on behalf of S.E. Independent Delivery Services (par. 10).

26. SEIDS denied its status as party to the Rental Agreement and denied that Howard Bryant executed the Rental Agreement as its authorized agent.

27. SEIDS moved for entry of partial summary judgment. The Hillsborough County Circuit Court determined that the indemnity clause of the Rental Agreement was not enforceable, since FirstLease sought indemnity for claims arising from its own negligence. The indemnity clause was declared invalid and unenforceable on summary judgment in Hillsborough County Circuit Court. (Dkt. 21-2, 21-3).

Case No. 8:10-CV-27-T-17GW
Case No. 8:10-CV-138-T-17TGW

III. Motions for Summary Judgment and Responses

Harco and FirstLease seek entry of summary judgment in their favor as a matter
of law, as there are no facts in dispute, and no reasonable interpretation of the
insurance policy allows Zurich to avoid the entry of summary judgment against Zurich.

A. Motion for Summary Judgment

Harco and FirstLease argue that the FirstLease vehicle was rented to Southeast
Independent Delivery Services, Inc. ("SEIDS"), and that Howard Bryant was acting as
the actual agent or apparent agent for SEIDS, based on the SEIDS representation, by
word and deed, in sending Howard Bryant to FirstLease to obtain a vehicle, permitting
Howard Bryant to sign the Rental Agreement containing SEIDS' name and address,
and obtaining a certificate of insurance (Exhibit J), on which FirstLease relied and which
induced a change of position on the part of FirstLease.

Harco and FirstLease argue that SEIDS' Policy No. TRK 2938900-3 provides
coverage for the subject vehicle obtained by Howard Bryant on behalf of SEIDS, and
FirstLease is an additional insured under that policy.  Harco and FirstLease argue that
the allegations in Howard Bryant's Complaint in the underlying lawsuit triggered Zurich's
duty to defend and indemnify and to provide coverage.  Harco and FirstLease argue
that Policy No. TRK 2938900-3 was primary, under the policy's "other insurance"
clause.  Harco and FirstLease further argue that, under the clear and unambiguous
terms of SEIDS' policy with Zurich, Zurich owed indemnity and coverage to FirstLease
and Harco.

9

Case No. 8:10-CV-27-T-17GW
Case No. 8:10-CV-138-T-17TGW

B. Response

Zurich responds that the vehicle in question was rented to Howard Bryant in his individual capacity, and not as an agent of SEIDS. Howard Bryant was contractually obligated to maintain bodily injury liability insurance naming FirstLease as an additional insured, but this requirement was limited to coverage protecting FirstLease from liability to third persons, not from liability to Howard Bryant, the renter.

Zurich relies on the provisions of the Independent Truckman's Agreement ("ITA"), which defined the relationship between SEIDS and Howard Bryant, and which contains provisions which demonstrate that Howard Bryant had no authority to act as SEIDS agent, or to bind SEIDS in any rental agreement. The ITA required that Howard Bryant maintain a policy of bodily injury liability coverage which named the SEIDS as an additional insured. SEIDS' independent contractors were required to execute a written lease for vehicles used in interstate commerce to SEIDS, which held the ICC certificate, pursuant to 49 C.F.R. 376.11(a). Zurich explains that SEIDS paid the premium for the liability policy to Zurich on behalf of its independent contractors, and each contractor was added as an additional insured to the Zurich policy issued to SEIDS.

The ITA required Howard Bryant to "independently lease" his own equipment. Zurich argues that the reference to SEIDS on the face of the Rental Agreement was included to identify where the rental invoices should be sent, because FirstLease rents vehicles to other individuals unrelated to SEIDS. Zurich argues that FirstLease regularly submitted individual invoices to SEIDS for rental charges incurred by each of the independent contractors who leased a vehicle from FirstLease.

Zurich argues that FirstLease assigns a unique customer number to each

10

Case No. 8:10-CV-27-T-17GW
Case No. 8:10-CV-138-T-17TGW

independent contractor; Howard Bryant's number is shown on the payment stub  to
identify payment on behalf of Bryant.  Zurich further argues that SEIDS remitted
payments to FirstLease as a courtesy to the independent contractors, including Howard
Bryant.  Zurich argues that both SEIDS and Howard Bryant acknowledged that: 1)
Howard Bryant executed the Rental Agreement in his individual capacity, and not as an
agent or representative of SEIDS; 2) Howard Bryant had no authority to execute the
Rental Agreement on behalf of SEIDS; and 3) Howard Bryant was responsible for all
obligations set forth in the Rental Agreement including payment of rental charges and
procurement of liability insurance.

        Zurich argues that Kimberly Dunn, FirstLease employee, and Jeffrey Scott Lyle,
FirstLease branch manager, testified that they believed that Howard Bryant signed the
Rental Agreement as a representative of SEIDS, but offered no testimony that their
belief was based on representations of SEIDS or Howard Bryant.

C.  Cross-Motion for Summary Judgment

        Zurich moves for entry of summary judgment in favor of Zurich on the basis that
FirstLease is not an insured under the Zurich policy because SEIDS did not "hire" or
"borrow" an auto from FirstLease.  Zurich argues that Plaintiffs have produced no
competent evidence demonstrating that SEIDS hired or borrowed an auto from
FirstLease, and all the evidence is to the contrary.  Zurich argues that SEIDS did not
execute the Rental Agreement and Howard Bryant did not have actual or apparent
authority to rent the FirstLease truck on SEIDS' behalf.

        Zurich argues that, assuming SEIDS is a party to the Rental Agreement, SEIDS
did not "hire" the vehicle from FirstLease because SEIDS did not maintain the requisite
possession, use or control over Howard Bryant or the vehicle.  Zurich further argues

Case No. 8:10-CV-27-T-17GW
Case No. 8:10-CV-138-T-17TGW

that the Federal Motor Carrier regulations do not create a contractual lessee/lessor relationship between SEIDS and FirstLease.  Zurich argues that FirstLease is not an insured under "Lessor-Additional Insured" Endorsement or the "Designated Insured" Endorsement because SEIDS was not required by written contract to maintain liability insurance for the benefit of FirstLease and Howard Bryant was only required to maintain liability insured and name "FirstLease" as an "additional insured" for liability to Third Persons.

Zurich further argues that Harco is not entitled to recover its legal fees and defense costs.  Zurich argues that the exception to the general rule that there is no right to contribution between insurance companies for attorney's fees or defense costs does not apply because SEIDS did not enter into a contractual relationship with FirstLease, and the indemnity provision contained in the FirstLease-Howard Bryant Rental Agreement was deemed unenforceable.   Zurich also argues that FirstLease is not entitled to any recovery because it sustained no compensable damages.   Zurich argues that Harco paid the settlement amount, plus legal fees and defense costs. Zurich argues that there is no deductible payment under bodily injury liability coverage.

Zurich seeks an order granting summary judgment in favor of Zurich, and the following determinations: 1) FirstLease is not an insured under the Zurich policy or any of its endorsements; 2) FirstLease did not sustain, was not obligated to pay or did not pay compensable damages and thus cannot maintain this action; and 3) Harco is precluded from recovering underlying legal fees and defense costs from Zurich.

D. Response

Harco and FirstLease respond that Zurich has not presented sufficient evidence to establish that Howard Bryant was not an agent, servant or employee of SEIDS at the

12

Case No. 8:10-CV-27-T-17GW
Case No. 8:10-CV-138-T-17TGW

time that he entered into the Rental Agreement with FirstLease.  Harco and FirstLease
argue that Howard Bryant was required to wear a uniform which displayed the logo of
the retail furniture chain for which SEIDS provides delivery services, that Howard
Bryant's truck displayed SEIDS' DOT number, and that SEIDS' truckers were
dissuaded from performing services for other entities.

Harco and FirstLease further argue that sufficient evidence has been presented
to establish agency or apparent agency.   Harco and FirstLease argue that the contract
at issue is the insurance policy which names FirstLease as an additional insured; Harco
and FirstLease allege that Zurich breached the contract by declining to provide
coverage, and a defense.

IV.  Discussion

In the Complaint Harco alleges that SEIDS owes FirstLease indemnity under the
Vehicle Rental Agreement (Dkt. 1, par. 14a).   Harco alleges that Zurich has refused to
provide coverage, indemnity, or a defense to FirstLease, notwithstanding that
FirstLease is an additional insured under Policy No. TRK   2938900-03, issued by
Zurich, and said refusal is wrong under the terms of the Vehicle Rental Agreement.
(Dkt. 1, par. 14b).   Harco alleges that Zurich is liable for coverage, a defense and
indemnification with respect to the action filed against FirstLease.  Harco alleges that
the refusal to provide coverage forms the doubt between the parties which is the basis
for the claim for declaratory relief.

Harco alleges that Mr. Howard Bryant was an independent contractor working for
SEIDS at the time of the accident, 5/13/2006, and that SEIDS entered into a Vehicle
Rental Agreement dated 5/2/2006 with FirstLease. (Dkt. 1, par. 8).   In Count I, Harco
seeks indemnification from Zurich under Policy No. TRK 2938900-03.   Harco alleges

13

Case No. 8:10-CV-27-T-17GW
Case No. 8:10-CV-138-T-17TGW

that First Lease is an additional insured under SEIDS' policy with Zurich, and an insured
along with SEIDS and Mr. Howard Bryant on the same policy on May 13, 2006, the date
of the accident (Dkt. 1, par. 21).   Harco further alleges that in the Vehicle Rental
Agreement SEIDS agreed to provide liability coverage for itself and FirstLease from any
and all liabilities for injuries to the property and person, including death, of third
persons, resulting from the ownership, use, operation, or maintenance of the vehicle.
(Dkt. 1, par. 22).  Harco further alleges that SEIDS agreed to indemnify and hold
FirstLease harmless from any and all claims for injury to all third persons and to pay
any and all expenses incurred in the defense of such claims.    Harco alleges that,
pursuant to the Rental Agreement and the insurance contract, FirstLease required the
customer and its insurer to provide indemnification and  to provide coverage for the type
of accidents referred to in Exhibit A, (Dkt. 1, par. 23), i.e. those resulting from the
negligence of FirstLease.

      Harco alleges that Zurich issued an automobile liability  policy to SEIDS
which covered FirstLease, as required by the Vehicle Rental Agreement and which
affirmatively named FirstLease as an additional insured and loss-payee for the truck
leased to SEIDS by FirstLease. (Dkt. 1, par. 25).  Harco alleges that Harco demanded a
defense and indemnification, which Zurich wrongfully refused.   Harco alleges that
Zurich had a duty to defend FirstLease in the underlying case, and a duty to pay Harco
for its attorney fees in defending the underlying action.

      Harco seeks a declaration that: 1) the Zurich policy provides coverage to
FirstLease for Howard Bryant's accident, and is the primary insurance with respect to
FirstLease; 2) FirstLease is entitled to full indemnity for any Judgment against it by
Zurich; 3) that pursuant to Ch. 627.426, Fla. Stat., Zurich is not permitted to deny
coverage based on any particular coverage defense; 4) that Harco is entitled to its costs
and attorney's fees in defending the underlying case, as well as fees and costs for this

14

Case No. 8:10-CV-27-T-17GW
Case No. 8:10-CV-138-T-17TGW

declaratory judgment action; 5) the award of any other damages or declaratory relief afforded by law or deemed fair.  Harco requested an Order requiring Zurich to defend the underlying case, but that case was resolved by settlement.

In its Answer and Affirmative Defenses, Zurich admits that Howard Bryant was working as an independent contractor for SEIDS on 5/13/2006.  (Dkt. 3, par. 8, 19). Zurich denies that SEIDS entered into the Vehicle Rental Agreement on 5/2/2006. (Dkt. 3, par. 8).  Zurich denies that FirstLease is an insured or additional insured under the Zurich policy as to the underlying negligence case. (Dkt. 3, par. 11). In its affirmative defenses, Zurich asserts that the incident giving rise to Harco's Complaint does not involve the claim of a "Third Person," disqualifying FirstLease from status as an additional insured for the claims alleged in the underlying negligence case, by virtue of the terms of the policy's "Lessor–Additional Insured and Loss Payee" Endorsement, which defines "additional insured (lessor)" as "only those where require[d] by written contract," and paragraph 5 of the Vehicle Rental Agreement.

I. Preliminary Issues

A.  Vehicle Rental Agreement

The Vehicle Rental Agreement ("Agreement") is an integrated contract. (Dkt. 21-7, p. 2, par. 14).

> 14.  This Agreement represents the entire Agreement between **OWNER** and **RENTER**, and there are no other representatives (sic) or understanding affecting it. **OWNER'S** failure to strictly enforce any provision hereunder shall not be deemed a waiver of said provisions and shall not excuse **RENTER** from future performance of any terms and conditions of this Agreement.